## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| JOHN J. SIGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 06-2436-KHV |
| DISTRICT COURT OF ALLEN COUNTY, | ) | |
| KANSAS, 31st JUDICIAL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

John J. Sigg, *pro se*, brings suit against the District Court of Allen County, Kansas, 31st Judicial District, Linda L. Sigg, Steven B. Doering, Larry A. Prauser and C. David Newberry. Plaintiff alleges that defendants (1) deprived him of property without due process of law under the Fifth Amendment in violation of 42 U.S.C. § 1983 (Count I); (2) engaged in a civil conspiracy to deprive him of property under Kansas common law (Count II); (3) fraudulently conducted his divorce proceedings under Kansas common law (Count III); and (4) intentionally inflicted emotional distress under Kansas common law (Count IV). This matter comes before the Court on Plaintiff's Application For Entry Of Default And Judgment Against Defendant Larry A. Prauser (Doc. #26) filed November 20, 2006, the Motion For Leave To File A Responsive Pleading Out Of Time (Doc. #25) which Prauser filed November 21, 2006, and Plaintiff's Motion To Strike (Doc. #29) filed December 8, 2006. For reasons stated below, the Court sustains Prauser's motion and overrules plaintiff's application for entry of default and motion to strike.

## Analysis

Plaintiff filed his complaint on October 11, 2006. On November 1, 2006, the Clerk of the Court

granted Prauser until November 13, 2006, to answer or otherwise plead. See Order Extending Time To Plead

(Doc. #10).  On November 20, 2006, after Prauser failed to file a responsive pleading, plaintiff petitioned the

Court for an entry of default.  See Doc. #26.  The next day, Prauser filed his motion for leave to file a

responsive pleading out of time.  See Doc. #25.  Through affidavit attached to the motion for leave, W. Rick

Griffin, Prauser's counsel, states the following:

> On or about November 6, 2006, I completed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and a Memorandum of Law in support.
> At the time, however, my normal legal assistant was on leave due to a medical procedure and a temporary legal assistant was serving in her place.
> After completing the Motion to Dismiss and Memorandum in Support, I provided the motion and memorandum to my temporary legal assistant for filing.
> I believed that the Motion and Memorandum was filed as directed at that time.
> On November 20, 2006, I received Plaintiff's Application for Default for failure to answer or file a responsive pleading.  Upon receiving the application, I checked the docket report for the above-captioned matter and discovered that the Motion to Dismiss and Memorandum in Support drafted in response had not been filed.
> Approximately one day after I had previously requested that my temporary legal assistant file the Motion to Dismiss and Memorandum in Support, the legal assistant failed to appear for work.  Neither I nor the temp agency knows of her whereabouts.
> I am unaware if the legal assistant attempted to file the motion and memorandum but did so incorrectly given the new requirements of ECF or if there was another reason why she failed to file the papers.
> When my temporary legal assistant disappeared, I believed that the documents had been filed and did not catch the fact that defendant Prauser's responsive pleading had indeed not been filed.
> The moment that I discovered the error, I notified defendant Prauser and drafted this affidavit and the Motion for Leave.

Affidavit of W. Rick Griffin, Exhibit A attached to Prauser's Motion For Leave (Doc. #25).[1]

Under Rule 6(b)(2), Fed. R. Civ. P., the Court may grant leave to file a responsive pleading out of time

---

[1]      Plaintiff moves to strike this affidavit because Griffin is not Prauser's attorney of record.  Plaintiff is mistaken.  The record reveals that Griffin is one of Prauser's attorneys of record, along with Terry J. Torline. The Court therefore overrules plaintiff's motion to strike Griffin's affidavit.

2

where the moving party shows that his failure to act was the result of "excusable neglect." Excusable neglect

under Rule 6(b) is an elastic concept, and is not limited strictly to omissions caused by circumstances beyond

the control of the movant.  <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.</u>, 507 U.S. 380, 392 (1993).

A finding of excusable neglect requires (1) a demonstration of good faith by movant and (2) a reasonable basis

for failing to comply within the specified time period.  <u>Stringfellow v. Brown</u>, 105 F.3d 670 (table),

No. 95-7145, 1997 WL 8856, at *2 (10th Cir. Jan. 10, 1997).  Where the requirements of Rule 6(b) are

satisfied, the Court has discretion to permit the movant's late filing.  <u>Panis v. Mission Hills Bank, N.A.</u>, 60 F.3d

1486, 1494 (10th Cir. 1995).

    The circumstances of this case indicate that Prauser's counsel made a good faith effort to comply with

the time limit prescribed by the Court's <u>Order Extending Time To Plead</u> (Doc. #10).  In fact, according to

Griffin's affidavit, Prauser's motion to dismiss and memorandum in support were completed well before the

filing deadline.  Under these circumstances, Prauser's failure to timely file a responsive pleading was not

unreasonable, but simply inadvertent and therefore excusable.  <u>See</u> <u>Griffin v. Suthers</u>, 156 Fed. Appx. 66, 72

(10th Cir. 2005) (excusable neglect extends to inadvertent delays in filing); <u>see also</u> <u>Panis</u>, 60 F.3d at 1494

(mistake, inadvertence or carelessness may justify extension of time under Rule 6(b)); <u>cf.</u> <u>Ghamrawi v. Case</u>

<u>& Assocs. Props. Inc.</u>, 116 Fed. Appx. 206, 210 (10th Cir. 2004) (conscious and deliberate choice to ignore

deadline not excusable neglect); <u>Stringfellow</u>, 1997 WL 8856, at *2 (attorney who simply disregards deadline

based on volume of evidence and workload does not establish excusable neglect).  Because Prauser did not

deliberately ignore the filing deadline, but reasonably failed to timely file his motion to dismiss due to reasonable

but misplaced reliance on a temporary assistant, the Court sustains his motion for leave to file his responsive

pleading out of time.  Prauser shall file a responsive pleading on or before **February 1, 2007**.  Accordingly,

plaintiff's application for entry of default against Prauser is overruled.

**IT IS THEREFORE ORDERED** that Plaintiff's Application For Entry Of Default And Judgment

Against Defendant Larry A. Prauser (Doc. #26) filed November 20, 2006 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Prauser's Motion For Leave To File A Responsive Pleading Out

Of Time (Doc. #25) filed November 21, 2006 be and hereby is **SUSTAINED**. **Prauser shall filed a**

**responsive pleading on or before February 1, 2007**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Strike (Doc. #29) filed December 8, 2006

be and hereby is **OVERRULED**.

Dated this 22nd day of January, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

4