**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN J. SIGG,**         )<br>                                                        )<br>           **Plaintiff,**     )<br>                                                        )<br>**v.**                                                 )<br>                                                        )<br>**DISTRICT COURT OF ALLEN COUNTY,**  )<br>**KANSAS, 31st JUDICIAL DISTRICT, et al.,**  )<br>                                                        )<br>           **Defendants.**  )<br>_____)  | **CIVIL ACTION**<br><br>**No. 06-2436-KHV** |

**MEMORANDUM AND ORDER**

Under 42 U.S.C. § 1983 and the common law of the State of Kansas, John J. Sigg, *pro se*, brings suit against Steven B. Doering, Linda L. Sigg and Larry A. Prauser.[1] Plaintiff alleges that defendants (1) deprived him of property without due process of law in violation of the Fourteenth Amendment (Count I); (2) conspired to deprive him of property in violation of Section 1983 and Kansas common law (Count II); (3) fraudulently conducted his divorce proceedings in violation of Kansas common law (Count III); and (4) intentionally inflicted emotional distress in violation of Kansas common law (Count IV). On March 23, 2007, the Court dismissed plaintiff's Fourteenth Amendment due process claim against Doering because the complaint did not allege the inadequacy of existing state law remedies. See Memorandum And Order And Order To Show Cause (Doc. #38) at 18-20. The Court also dismissed plaintiff's civil conspiracy claim under Section 1983, which relied on the Fourteenth Amendment claim as its underlying constitutional deprivation. Id. at 25. The Court noted that these defects appeared to exist with regard to plaintiff's Fourteenth Amendment due process claim and

---

[1] The Court previously dismissed plaintiff's claims against the District Court of Allen County, Kansas, 31st Judicial District, and special master C. David Newberry. See Memorandum And Order And Order To Show Cause (Doc. #38) filed March 23, 2007 at 10-14.

Section 1983 civil conspiracy claim against Linda Sigg and Prauser as well. Id. at 26-28. Accordingly, the Court ordered plaintiff to show good cause in writing on or before April 9, 2007, why those claims should not be dismissed for failure to state a claim on which relief can be granted. Id. at 28-29.

Plaintiff responds by claiming that the District Court of Allen County is engaged in the conspiracy which has deprived him of property. He argues that he has no adequate state law remedy because pursuing his claims in state court would require him to bring those claims before the court that is robbing him blind. As the Court previously noted, plaintiff complains of defendants' random and unauthorized acts, including ex parte communications and fraud, which violate applicable laws and rules of ethical conduct. It is well established that random and unauthorized acts of government employees do not constitute procedural due process violations where adequate post-deprivation remedies exist under state law. Palmer v. Unified Gov't of Wyandotte County/Kansas City, Kan., 72 F. Supp.2d 1237, 1252 (D. Kan. 1999) (citing Zinermon v. Burch, 494 U.S. 113, 128 (1990)). Addressing the adequacy of post-deprivation remedies in the context of a procedural due process claim, Zinermon stated as follows:

> In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effective the deprivation, and any remedies for erroneous deprivations provided by statute or tort law."

Id. at 125-126 (internal citations and footnote omitted). While a tort claim is one form of adequate post-deprivation remedy, Zinermon makes clear that such remedies also include procedural safeguards within the state judicial system. Thus, even if plaintiff is correct that he is practically unable to bring a tort

2

claim before the District court, this contention is not dispositive; assuming that plaintiff has suffered a wrongful deprivation of property, the question is whether the state judicial system provides an adequate procedural remedy to cure the wrongful deprivation. In determining the adequacy of procedural safeguards, the Court considers plaintiff's ability to appeal any erroneous state court ruling. See Hartwick v. Bd. of Trustees of Johnson County Cmty. Coll., 782 F. Supp. 1507, 1514-15 (D. Kan. 1992) (state judicial review mechanism constitutes adequate post-deprivation remedy); see also Vogt v. Churchill, 81 F.3d 147 (Table), 1996 WL 152875, at *1 (1st Cir. 1996) (direct appeal which cures errors in state trial constitutes adequate post-deprivation remedy); Holloway v. Walker, 784 F.2d 1287, 1292 (5th Cir. 1986) (right of appeal which restores wrongfully taken property constitutes adequate post-deprivation remedy).

In Holloway, the Fifth Circuit considered a Section 1983 claim which alleged a deprivation of property without due process through a conspiracy involving a state judge and opposing litigants. Id. at 1288-90. The district court dismissed the claim, and the Fifth Circuit affirmed, noting that "no judicial system offers any guarantee other than the postdeprivation right of appeal, that an individual judge will not act arbitrarily or corruptly," and finding that "[t]he Texas court system provided an adequate postdeprivation remedy through the right of appeal to restore any wrongfully taken property to its owner." Id. at 1292. On petition for rehearing, the Fifth Circuit reaffirmed its position, stating as follows:

> Where a state system as a whole provides due process of law, federal constitutional guarantees are not breached merely because some state employee, even a highly-placed one, might engage in tortious conduct, either intentionally or negligently.

Holloway v. Walker, 790 F.2d 1170, 1174 (5th Cir. 1986).

Here, plaintiff's due process claim arises solely out of the deprivation of property effected in the

3

course of a divorce proceeding. Under Kansas law, plaintiff may appeal the District Court's judgment in his divorce proceeding, including the division of real and personal property. See Mulanax v. Mulanax, No. 95,695, 2006 WL 2864791, at *1 (Kan. Ct. App. Oct. 6, 2006); In re Marriage of Mohr, No. 93,325, 2006 WL 90095, at *1 (Kan. Ct. App. Jan. 13, 2006). The right of direct appeal is plaintiff's adequate post-deprivation remedy in this case, and he makes no argument why such an appeal does not ultimately provide him due process even if the District Court erroneously deprives him of property in the course of his divorce proceeding. The Court is not satisfied that plaintiff has stated a Fourteenth Amendment due process claim against Linda Sigg and Prauser. It therefore finds that the claim should be dismissed under Rule 12(b)(6). Because plaintiff's Section 1983 civil conspiracy claim against Linda Sigg and Prauser requires an underlying constitutional claim, which no longer remains in the case, the Court finds that the Section 1983 civil conspiracy claim should also be dismissed under Rule 12(b)(6).

In addition to his federal claims, plaintiff asserts state law claims for civil conspiracy, fraud and intentional infliction of emotional distress. In its discretion, the Court may exercise supplemental jurisdiction over state law claims if they sufficiently relate to a pending claim over which the Court has original jurisdiction. See 28 U.S.C. § 1367(a). The Court need not exercise supplemental jurisdiction, however, and it may decline to do so if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). Here, the Court has dismissed all of plaintiff's federal claims, and has no independent jurisdictional basis over plaintiff's remaining state law claims. The Court therefore declines to exercise supplemental jurisdiction in this case and dismisses all remaining state law claims against all defendants.

The Clerk of the Court is directed to enter judgment in favor of defendants in this matter.

**IT IS SO ORDERED.**

Dated this 19th day of April, 2007 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                Kathryn H. Vratil
                                                United States District Judge